■ In the Matter of RICHARD D. ROSENBLATT et al., Appellants, v NEW YORK STATE TAX COMMISSION et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered December 15, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission which denied petitioners' request for a redetermination of a deficiency of personal income tax for the year 1972 under article 22 of the Tax Law. In 1968, petitioner Richard Rosenblatt sold stock, in a closely held corporation, with respect to which, for personal income tax purposes, he elected to report the resulting long term capital gain on the installment basis. The 1972 installment, taxed by the Income Tax Bureau at the rate of tax in effect under the laws of 1972, resulted in a deficiency of $36,950.20, with interest thereon. Petitioners contend that the gain was realized in 1968, hence the 1968 tax rate applies, in which event no deficiency exists. The State Tax Commis-

sion sustained the asserted deficiency and in this article 78 proceeding, which was thereafter commenced, Special Term denied petitioners' request to have that deficiency redetermined. We affirm. In applying the tax rate in effect in 1972 instead of the rate in effect in 1968, the State Tax Commission acted neither arbitrarily, capriciously nor contrary to the law. Its conclusion "[t]hat the nature of the gain and the rate of tax to be applied is determined by the law in effect at the time the payment is received, not the law in effect at the time of the sale" is firmly rooted in Federal judicial precedent (see *Picchione v Commissioner of Internal Revenue,* 440 F2d 170, cert den 404 US 828; *Snell v Commissioner of Internal Revenue,* 97 F2d 891). Since interpretation of this State's personal income tax law through the use of Federal judicial precedents is expressly authorized (L 1960, ch 563, § 1), the State Tax Commission's reliance upon the cited cases was manifestly justified. And while incidental differences exist between those authorities and the present case, they are not such as to invite departure from the principle that one of the risks a taxpayer takes when he elects installment reporting is that the tax law may undergo change (*Matter of Kearns v Commissioner of Internal Revenue,* 73 USTC 1223). Nor are we persuaded by petitioners' contention that because the Internal Revenue Service accepted, without question, their 1972 Federal tax return, the State Tax Commission is bound by the Internal Revenue Service's action. Not only have we not been made aware of any authority for this proposition, more importantly the record does not disclose whether the Internal Revenue Service accepted, rejected or even examined this return. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur. [106 Misc 2d 490.]