■ In the Matter of ALFRED A. GIARDINO et al., Appellants, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered February 10, 1987 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Tax Commission denying petitioners' request for refunds of additional New York City income tax assessments.

The facts are not in dispute. In the early 1950s, petitioners purchased stock in a car dealership. The dealership later became a major distributor of foreign cars. In 1970, the dealership was sold to a publicly held corporation. Petitioners received preferred shares in the publicly held corporation which were restricted to annual redemptions of $400,000 after six years. Petitioners disposed of their redeemable shares and reported receipt of annual installments of $400,000 in their State and New York City personal income tax returns for the years 1977, 1978 and 1979.

For purposes of the city tax, petitioners used the fair market value of the stock on July 1, 1966 as the basis for the stock, and reported as income the enhancement in the value of the stock occurring after that date. July 1, 1966 was the effective date of the city personal income tax laws. While the city's tax laws originally allowed such a step-up in the basis of

property, this provision was omitted when superseding laws were passed in 1976. Consequently, the Audit Division of the State Department of Taxation and Finance determined that the proper basis for the income reported by petitioners in 1977, 1978 and 1979 was the original purchase cost of the stock in the early 1950s. The Audit Division thus assessed additional city personal income taxes of $29,402.28 plus interest. After the tax was sustained upon administrative review by the State Tax Commission, petitioners commenced the instant proceeding. Supreme Court dismissed the petition and this appeal ensued.

Petitioners contend that the city tax laws in effect in 1970 should apply to their capital gains since that was when they entered into the relevant installment sales transaction. We cannot agree. Tax consequences are established at the time payments are received, not at the time the agreement of sale is made *(see, Matter of Rosenblatt v New York State Tax Commn.,* 85 AD2d 770, 771). Here, petitioners received installment payments in 1977, 1978 and 1979 from their agreements. During those years, the former city tax laws had been superseded by statutes which required gains accruing prior to the enactment of the 1966 city tax laws to be included in income. Hence, the Tax Commission correctly determined that the pre-1966 value of petitioners' property was the proper basis for determining their capital gains.

Petitioners further contend that the use of a basis which predated the enactment of the taxing statutes resulted in a deprivation of due process. This court, however, has recently held that "[a] tax on capital gains income may validly be imposed when realized, even if part of the profit represents the enhanced value of the property before the adoption of the tax" *(Matter of Bombart v Tax Commn.,* 132 AD2d 745, 748; *see, MacLaughlin v Alliance Ins. Co.,* 286 US 244, 250). This precedent appears to control the instant case and thus petitioners' constitutional argument is rejected.

Petitioners' remaining contentions have been considered and found unpersuasive.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.