■ In the Matter of HAUBECK REALTY CORPORATION et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [734 NYS2d 313] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of real property transfer gains tax imposed under Tax Law former article 31-B.

Petitioners are nominees of Di Lorenzo Property Company, former owner of the seven New York City properties that are the subject of this proceeding. Each of the properties was sold in 1995 and was subject to a 90-year lease entered into in September 1981, prior to the March 28, 1983 effective date of Tax Law former article 31-B (see, L 1983, ch 15, § 184 [n]).* The primary issue presented in this proceeding is whether there is a rational basis for respondent Tax Appeals Tribunal's rejection of petitioner's attempted inclusion of the value of the September 1981 leases, computed as if they had been subject to transfer gains tax under Tax Law former article 31-B, in the original purchase price of the properties for the purpose of determining taxable gain. We answer that question in the affirmative and therefore confirm the Tribunal's determination.

* The tax was repealed in 1996, effective for all transfers occurring on or after June 15, 1996 (see, L 1996, ch 309, §§ 171, 469 [6] [a]).

Tax Law former § 1440 provided in pertinent part:

"In this article:

"1. * * * (b) In the case of * * * (ii) the creation of a leasehold or sublease that is a transfer of real property, as defined in subdivision seven of this section, consideration shall also include the value of the rental and other payments attributable to the use and occupancy of the real property or interest therein, the value of any option to purchase or renew included in such transfer and the value of rental or other payments attributable to the exercise of any option to renew. * * *

"5. (a) (i) 'Original purchase price' means the consideration paid or required to be paid by the transferor (A) to acquire the interest in real property * * *

"(e) The consideration, described in paragraph (b) of subdivision one of this section, received by the lessor of a taxable lease shall become such lessor's original purchase price of the interest in the real property leased; *provided, that such lessor paid the tax imposed by this article on such lease or is paying such tax* pursuant to the installment payment provisions of [Tax Law former § 1442]. * * *

"7. (a) 'Transfer of real property' means the transfer of any interest in real property by any method, including but not limited to sale, exchange, assignment, surrender, mortgage foreclosure, transfer in lieu of foreclosure, option, trust indenture, taking by eminent domain, conveyance upon liquidation or by a receiver, or transfer or acquisition of a controlling interest in any entity with an interest in real property. Transfer of an interest in real property shall include the creation of a leasehold or sublease only where (i) the sum of the term of the lease or sublease and any options for renewal exceeds forty-nine years, (ii) substantial capital improvements are or may be made by or for the benefit of the lessee or sublessee, and (iii) the lease or sublease is for substantially all of the premises constituting the real property" (emphasis supplied).

According to petitioners, because the leases in question meet the definition of "transfer of real property" under Tax Law former § 1440 (7) (a), they constitute "taxable leases" for the purpose of Tax Law former § 1440 (5) (e). Notably, that analysis overlooks the express proviso of Tax Law former § 1440 (5) (e) that, in order to support a step-up in original purchase price by the amount of a "taxable lease," transfer tax must be

imposed and, in fact, paid on the transfer arising from the lease. Because the present leases predated the enactment of Tax Law former article 31-B, they were not subject to transfer tax. In our view, petitioners' reliance on the "grandfather" provisions of Tax Law former article 31-B (see, Tax Law former § 1443 [6]; L 1983, ch 15, § 184 [n], amended by L 1983, ch 16, § 8), for the inconsistent propositions that the leases constitute "taxable transfers" under the statutory definitions but that no tax may be imposed on the gain resulting therefrom, is wholly unavailing.

Nor are we persuaded that the Tribunal's interpretation of the governing statute is unconstitutional under the Due Process Clause of the US Constitution as imposing a retroactive tax. As correctly concluded by the Tribunal, no tax was ever imposed on petitioners for the creation of the leasehold interests prior to March 28, 1983. To the contrary, the only transfers subjected to gains tax were the 1995 sales. To the extent that the 1995 sale prices may have reflected the value of the leases, we note that tax "upon realized gain * * * may constitutionally be imposed upon the entire amount of the gain realized within the taxable period, even though some of it represents enhanced value in an earlier period before the adoption of the taxing act" (MacLaughlin v Alliance Ins. Co., 286 US 244, 250). Consistent with that view, in construing the real property transfer gains tax imposed under Tax Law article 31-B, this Court has held that "[a] tax on capital gains income may validly be imposed when realized, even if part of the profit represents the enhanced value of the property before the adoption of the tax" (Matter of Bombart v Tax Commn., 132 AD2d 745, 748; see, Matter of Giardino v Chu, 138 AD2d 826, 827).

We are similarly unpersuaded by petitioners' equal protection arguments. "The Federal and State Constitutions do not require that all taxpayers be treated the same * * *" (Matter of 470 Newport Assocs. v Tax Appeals Tribunal of State of N. Y., 211 AD2d 322, 326 [citation omitted]). The "legitimate State interest" standard applies and "is particularly deferential in the field of taxation" (id., at 326), giving legislatures broad latitude in creating classifications and distinctions. Petitioners' additional contentions have been considered and found to be unavailing.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.