THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. MALONEY, Respondent, against MARK GRAVES et al., Constituting the State Tax Commission, Appellants.

Argued October 5, 1942; decided October 29, 1942.

*John J. Bennett, Jr.*, Attorney-General (*Leon M. Layden* and *Wendell P. Brown* of counsel), for appellants. No losses were sustained by the taxpayer during the year 1931 on the properties in question. (*Higgins* v. *Smith*, 308 U. S. 473; *Burdan* v. *Commissioner*, 106 Fed. Rep. [2d] 207; *Dayton Co.* v. *Commissioner*,

90 Fed. Rep. [2d] 767; *Wieboldt* v. *Commissioner*, 113 Fed. Rep. [2d] 384; *Matter of Calder* v. *Graves*, 261 App. Div. 90; *Burnet* v. *Houston*, 283 U. S. 223.) No deductible loss was sustained on the residential property under subdivision 4 of section 360 of the Tax Law (Cons. Laws, ch. 60). (*People ex rel. Merrill* v. *Gilchrist*, 212 App. Div. 763; *DeFord* v. *Commissioner*, 29 Fed. Rep. [2d] 532; *Schmidlapp* v. *Commissioner*, 96 Fed. Rep. [2d] 680; *Rumsey* v. *Commissioner*, 82 Fed. Rep. [2d] 158.) No complete loss was sustained by the taxpayer on the apartment property. (*Miner* v. *Brown*, 133 N. Y. 308; *Armondi* v. *Dunham*, 221 App. Div. 679.)

*Charles P. Maloney* for respondent. In the year 1931 all of the holdings of the taxpayer were irrevocably lost. (*Lucas* v. *American Code Co.*, 280 U. S. 445; *People ex rel. Conway* v. *Lynch*, 258 N. Y. 245; *People ex rel. Standard Oil Co.* v. *Law*, 237 N. Y. 142; *People ex rel. Mosbacher* v. *Graves*, 254 App. Div. 438; 279 N. Y. 793; *Royal Packing Co.* v. *Commissioner*, 22 Fed. Rep. [2d] 536; *Rhodes* v. *Commissioner*, 100 Fed. Rep. [2d] 966; *People ex rel. Hull* v. *Graves*, 263 App. Div. 223.) The losses claimed as deductions by the taxpayer were properly shown to have occurred in the year 1931. (*Equitable Trust Co.* v. *Vanderbilt Realty Imp. Co.*, 155 App. Div. 723; *Matter of Olivit Bros.*, 57 Fed. Rep. [2d] 718; *Hancock* v. *Commissioner*, 105 Fed. Rep. [2d] 153; *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398; *DeLoss* v. *Commissioner*, 28 Fed. Rep. [2d] 803; *Denman* v. *Brumback*, 58 Fed. Rep. [2d] 128; *Hughes* v. *Commissioner*, 38 Fed. Rep. [2d] 755; *Marsch* v. *Commissioner*, 110 Fed. Rep. [2d] 423; *DeFord* v. *Commissioner*, 29 Fed. Rep. [2d] 532.)

DESMOND, J. The State Tax Commission, after a hearing, made a determination disallowing two losses which relator had claimed as deductions on his State income tax return for 1931. The Appellate Division annulled the Commission's determination.

The disputed deductions were taken by the taxpayer because of alleged losses on two pieces of real property formerly owned by him. That there were such losses cannot be doubted. The controversy is as to the particular year to which the losses are to be assigned. The relator was adjudicated a bankrupt in 1931. One of the

properties, an apartment house, was involved in a mortgage foreclosure action begun and prosecuted to judgment in 1931, but the sale in that action, which sale resulted in the establishment of a deficiency, was not held until early in 1932. The other piece of realty here involved, a residence property in which relator had lived for some years, was sold in 1933, pursuant to a judgment entered in a mortgage foreclosure action commenced in 1932. Relator, among other things, says that his loss on both properties was established in 1931 by the fact of bankruptcy. We hold that his adjudication in bankruptcy, although it automatically divested him of title, is not in itself proof of a loss on any particular asset or assets which thus passed out of relator's ownership.

As to both the properties, we hold that there was substantial evidence before the Commission to justify its determination that the losses were not in fact incurred in 1931.

As to the property in which relator had resided, argument is made also, for the Commission, that relator's loss was not deductible because it was not "incurred in trade or business" (Tax Law, § 360, former subd. 4, Cons. Laws, ch. 60). As to this question also, there was evidence of probative force that relator had bought the house for a home and not for the purpose of resale at a profit.

Since the determination of the Commission has not been "clearly shown to have been erroneous," that determination must stand. (*People ex rel. Hull* v. *Graves*, 289 N. Y. 173, decided herewith.)

The order of the Appellate Division should be reversed, and the determination of the State Tax Commission confirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., FINCH and LEWIS, JJ., concur; LOUGHRAN, RIPPEY and CONWAY, JJ., dissent.

Ordered accordingly.