# Executive Land Corp. et al., Appellants, v Roderick Chu, as Commissioner of Taxation and Finance, Respondent.

Second Department, September 11, 1989

APPEARANCES OF COUNSEL

*Vickie G. Cheikes* for appellants.

*Robert Abrams, Attorney-General (Harvey M. Berman, Ann Horowitz* and *Hugh B. Weinberg* of counsel), for respondent.

## OPINION OF THE COURT

KUNZEMAN, J.

The question before this court is whether the partial and successive transfers of the properties owned by the plaintiffs are subject to aggregation for taxation purposes pursuant to Tax Law § 1440 (7).

The plaintiff Executive Land Corp. (hereinafter Executive) owns a 258-acre parcel of land in the Town of Islip, while the plaintiff R-Three Investors owns a 23-acre parcel of land in the Town of Smithtown. Both parcels are zoned for industrial use and each plaintiff is engaged in grading its respective tract, installing utilities, sewers and roads in order to prepare the tracts for use as industrial parks. Since 1985, portions of both parcels have been sold to separate unrelated purchasers for various prices under $1,000,000. However, the aggregate of the consideration for these transfers was in excess of $1,000,000 for each plaintiff.

The Tax Commission aggregated the consideration received, and assessed the transfers pursuant to Tax Law § 1440 (7) as transfers pursuant to a plan or agreement to effectuate by partial or successive transfers a transfer which would otherwise be subject to the gains tax. The plaintiffs paid the gains taxes imposed under protest and thereafter sought a judgment declaring (1) that the transfers were not pursuant to a plan or an agreement to make one transfer and thus are not subject to being aggregated, or in the alternative, (2) that the gains tax is unconstitutional in that it denies plaintiffs their right to equal protection.

The Tax Commission moved to dismiss the complaints on the grounds that plaintiffs failed to exhaust administrative remedies (not in issue on this appeal) and that the only exemption from the tax is for residential developments. The plaintiffs cross-moved for summary judgment claiming that it

was undisputed that the transfers were not related and were not pursuant to any plan or agreement to effectuate a single transfer.

The Tax Commission's motion to dismiss the complaint was granted and the plaintiffs' cross motion for summary judgment was denied on the ground that the Tax Commission's interpretation of the taxing statute was not incorrect, and that its interpretation did not deny the plaintiffs equal protection under the law.

In attacking the Tax Commission's interpretation of Tax Law § 1440 (7), the plaintiffs bear a heavy burden of proof. As the Court of Appeals stated in *Matter of Grace v New York State Tax Commn.* (37 NY2d 193, 195-196): "The burden of proof to overcome tax assessments rests upon the taxpayer (see *Matter of Young v Bragalini,* 3 NY2d 602, 605 [opn per BURKE, J.]; *Matter of Hillman v State Tax Comm.,* 30 AD2d 362, 364; *Matter of Calder v Graves,* 261 App Div 90, 94-95, affd 286 NY 643). If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious (see, also, *People ex rel. Maloney v Graves,* 289 NY 178, 180; *People ex rel. Hull v Graves,* 289 NY 173, 177; *People ex rel. Freeborn & Co. v Graves,* 257 App Div 587, 590)."

The specific statutory scheme under review, Tax Law article 31-B, provides for a 10% tax on the "gains derived from the transfer of real property within the state" (Tax Law § 1441) where the consideration exceeds $1,000,000 *(see,* Tax Law § 1443). Tax Law § 1440 (7) defines "transfer of real property" as: "the transfer or transfers of any interest in real property by any method, including but not limited to sale, exchange, assignment, surrender, mortgage foreclosure, transfer in lieu of foreclosure, option, trust indenture, taking by eminent domain, conveyance upon liquidation or by a receiver or acquisition of a controlling interest in any entity with an interest in real property."

Since a landowner could obviously avoid such tax by subdividing and selling off portions of his land for less than $1,000,000 each, provision has been made for the aggregation of the consideration received from such multiple transfers. Specifically, Tax Law § 1440 (7) provides that: "Transfer of real property shall also include partial or successive transfers,

unless the transferor or transferors furnish a sworn statement that such transfers are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of this article".

With regard to "partial or successive transfers", the Tax Commission has interpreted the statute as holding the gains tax due when the aggregate consideration for such transfers equals or exceeds $1,000,000. The Tax Commission has also interpreted the tax as being applicable to partial or successive transfers "if such properties are contiguous or adjacent to each other, either directly, or through other properties owned by the transferor".

The plaintiffs' argument that the tax does not apply is premised upon the language in Tax Law § 1440 (7) which allows a transferor to furnish a sworn statement that such transfers are not pursuant to an agreement or plan which has as its purpose the avoidance of the tax. Although the plaintiffs are admittedly engaged in developing industrial parks, they claim that they have no "plan" to effectuate transfers in avoidance of the tax because their transfers were to separated unrelated transferees. Therefore, they argue that absent proof of such a plan, their transfers are not subject to being aggregated for purposes of the gains tax.

In support of its interpretation of the Tax Law, the Tax Commission relies on certain implementing regulations to explain its determination to impose various taxes thereunder.

In particular, 20 NYCRR 590.42 provides that as a general rule, the consideration received by a transferor for the transfer of contiguous or adjacent parcels of property to one transferee, is to be added together to determine whether the total consideration exceeds $1,000,000, in which case, the exemption from the gains tax would not apply (see, Tax Law § 1443 [1]). This section further indicates that "[i]t is the consideration for the interests in a single transfer, regardless of the number of deeds used to transfer the property", which determines the application of the exemption. However, if it is established that "the only correlation between the properties is the contiguity or adjacency itself, and that the properties were not used for a common or related purpose" then the consideration is not subject to aggregation (20 NYCRR 590.42).

In the case before us, multiple transfers to more than one transferee are involved. In order to determine whether the

amount paid for each transfer is to be added together, 20 NYCRR 590.42 directs our attention to 20 NYCRR 590.43 which pertains to the aggregation of partial or successive transfers. This implementing regulation provides, in pertinent part, that:

"When the sales are pursuant to a plan or agreement, the consideration for each parcel is to be aggregated in determining whether the consideration is $1 million or more.

"A transferor may furnish, along with his questionnaire, a sworn statement that the sales are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of article 31-B.

"Whether the sales are pursuant to a plan or agreement depends on the intent of the transferor at the time of each transfer. The department will examine the transferor's intention, as manifested by his actions and the facts and circumstances surrounding the transfers, to ensure the transfers should not be aggregated." (20 NYCRR 590.43 [a].)

Statements to the effect that the sales were not pursuant to a plan to avoid the gains tax, were filed by the plaintiffs herein but the Tax Commission determined that the plaintiffs lacked credibility. Rather, the Tax Commission concluded, from the plaintiffs' actions and the facts and circumstances surrounding the transfers, that they each had a plan, that is, to develop an industrial park.

It is clear to us that the plaintiffs' interpretation of the statute is incorrect as it would allow any transferor to claim exclusion from the gains tax simply by stating that he is not acting pursuant to a plan to avoid the tax. That is not a rational interpretation of the statute, nor of its clear underlying legislative purpose. Given the cohesive integrated industrial complexes which were to be developed, the Tax Commission's determination, that a common purpose was the operative factor in all of the transfers and that tax avoidance was the ultimate goal, was supported by substantial evidence.

Of further importance is the fact that the Legislature has very specifically set forth (see, Tax Law § 1440 [7]) the one exception to the aggregation requirement for subdivided property. As noted by the relevant implementing regulation (see, 20 NYCRR 590.43 [g]): "Section 1440 (7) of the Tax Law specifically provides that all subdividing of real property is subject to the aggregation rule, *except in the case where the*

*subdivided property is improved with residences and is used for residential purposes,* other than those pursuant to cooperative or condominium plans" (emphasis added).

This section expressly excludes subdivided parcels improved with residences; there is no dispute that the plaintiffs' parcels constitute subdivided industrial properties which clearly have not been granted any such exclusion by the Legislature.

Even though different tax treatment for various property owners may result, this does not necessarily render the statute violative of equal protection rights. Neither the Federal nor State Constitution "prohibit[s] dual tax rates or require[s] that all taxpayers be treated the same. They require only that those similarly situated be treated uniformly. Thus, the creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class" *(see, Foss v City of Rochester,* 65 NY2d 247, 256).

The scope of review is narrow and taxing statutes which neither classify on the basis of a suspect class, nor impair a fundamental right must be upheld if the classification is rationally related to the achievement of a legitimate State purpose *(see, Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Such statutes enjoy a presumption of constitutionality which, in order to be overcome, requires "the most explicit demonstration that [the] classification is a hostile and oppressive discrimination against particular persons and classes" *(see, Trump v Chu, supra,* at 25, citing *Madden v Kentucky,* 309 US 83, 88).

Clearly, in the instant case, the plaintiffs have failed to sustain their heavy burden of showing that the gains tax statute is arbitrary or that it invidiously discriminates against them.

Every property owner in their situation is to be treated similarly; that is, they will be prevented, via aggregation, from dividing and selling their property in portions so as to avoid the gains tax. The different tax treatment provided as between residential and industrial property owners, is, as the Supreme Court found, justifiable based upon the substantial burdens placed upon local and State governments by the development of large industrial complexes *(see, Matter of Bombart v Tax Commn.,* 132 AD2d 745, 748). Since we find that there is nothing irrational about the statute's basis, purpose, or the method of its implementation, it cannot,

therefore, be said that it violates the plaintiffs' equal protection rights *(see, Trump v Chu, supra)*. Accordingly, the order appealed from is affirmed.

We note that since this is a declaratory judgment action, the judgment, when entered, should contain declarations that the partial and successive transfers of the real properties owned by the plaintiffs are subject to aggregation pursuant to Tax Law § 1440 (7) and that that statute is constitutional as applied to the plaintiffs *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

BRACKEN, J. P., EIBER and KOOPER, JJ., concur.

Ordered that the order is affirmed, with costs.