[598 NYS2d 829]

In the Matter of BENACQUISTA, POLSINELLI & SERAFINI MAN-
AGEMENT CORPORATION, Petitioner, v COMMISSIONER OF
TAXATION AND FINANCE OF THE STATE OF NEW YORK et al.,
Respondents.

Third Department, June 10, 1993

### APPEARANCES OF COUNSEL

*John H. Dennis,* Albany, for petitioner.

*Robert Abrams, Attorney-General,* Albany *(Julie S. Mereson* and *Peter G. Crary* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Petitioner owned two large parcels of real property in the City of Albany, referred to as the Karner Road property, developed as an industrial park, and the Washington Avenue Extension property, which was developed as an office park. Subdivision plans were filed for the two properties in 1978 and 1982, respectively. Petitioner sold several lots from each property prior to the effective date of the real property transfer gains tax law on March 28, 1983. Between that date and November 21, 1986, 12 more parcels were sold from the Karner Road property, and four more parcels were sold from the Washington Avenue Extension property.

On November 21, 1986, the Audit Division of the State Department of Taxation and Finance (hereinafter the Division) informed petitioner that all of the sales made from each subdivision must be aggregated for the purposes of application of the $1 million exemption from the real property transfer gains tax, and that petitioner was required to file a real property transfer gains tax questionnaire for each of the sales. Petitioner completed the questionnaires and received tentative tax assessments; subsequently, however, the Division disallowed petitioner's inclusion, in its original purchase price for each of the parcels sold, of a prorated portion of the fair market value of land located beneath the roadbeds of the two subdivisions—claimed by petitioner to be $344,000 for the Karner Road property and $225,800 for the Washington Avenue Extension property. The roadbed land had been sold to the City of Albany for $1, a requirement imposed by the City

as a condition for its approval of the subdivisions.[1] Disallowance of petitioner's valuation of the roadbed land resulted in higher gains and, correspondingly, higher tax assessments for the subject transfers.

Petitioner challenged the determinations and a hearing was held before an Administrative Law Judge (hereinafter ALJ). The ALJ determined, *inter alia,* that the sales were properly aggregated and that the amount to be included in the original purchase price of the parcels for the land deeded to the City for roadbeds, as well as that set aside as "green space", was the cost of the land rather than its fair market value. Respondent Tax Appeals Tribunal (hereinafter the Tribunal) affirmed the ALJ's determination, prompting petitioner to institute this CPLR article 78 proceeding.

It is petitioner's contention that respondents improperly calculated petitioner's real property gains tax in that (1) the sales should not have been aggregated except to the extent that the parcels were contiguous or adjacent at the time of sale, (2) the fair market value of the roadbed land and the green space land should have been included in the original purchase price of the parcels, (3) the purchase price should incorporate the counsel fees petitioner incurred contesting respondents' determination, and (4) the penalties and interest penalties assessed by the Division should be abated because petitioner demonstrated reasonable cause for not paying the tax when it was due.

■ Where, as here, property is subdivided pursuant to an over-all subdivision plan that envisions the sale of the entire property in the form of many smaller parcels, such sales are subject to aggregation for the purposes of the real property transfer gains tax. This is so whether the subdivision plan was filed before or after the effective date of the tax *(see, Matter of Cove Hollow Farm v State of N. Y. Tax Commn.,* 146 AD2d 49, 51-52) and whether the land, with one exception, is intended for residential or commercial use *(see, Executive Land*

---

1. Another requirement was that petitioner set aside a portion of the Karner Road property as "green space". Petitioner did not include the value of this land in its original calculation, apparently due to an oversight. Because the same considerations apply to it as to the roadbed land, and because petitioner argued the point before the Administrative Law Judge and respondent Tax Appeals Tribunal, our decision addresses both types of land.

*Corp. v Chu,* 150 AD2d 7, 11-12, *appeal dismissed* 75 NY2d 946). Sales made pursuant to such a plan are aggregable, notwithstanding that the parcels were not contiguous at the time of sale, and despite the fact that they are sold to different transferees *(see, supra; Matter of Cove Hollow Farm v State of N. Y. Tax Commn., supra,* at 52). The sole exception to this general rule is sales of subdivided parcels improved with residences for the use of the transferees (Tax Law § 1440 [7]; *see also,* 20 NYCRR 590.43 [g]; *Matter of Cove Hollow Farm v State of N. Y. Tax Commn., supra,* at 52). Because the transfers at issue clearly do not fit into this category, they were properly aggregated.

◼ As for the calculation of the original purchase price of the properties sold, the Tribunal rightly determined that the fair market value of the roadbed and green space land may not be included in the purchase price. These lands were not, as petitioner suggests, conveyed to the City as consideration to enable petitioner to acquire an "interest" in real property as that term is contemplated in Tax Law § 1440 (5) (a), for the City held no interest in petitioner's properties. In insisting on roadbeds and green space as conditions for its approval of the subdivision plans, the City was merely exercising its police power to regulate land use within its borders. There is therefore no basis for including the fair market value of these lands, which have been restricted or conveyed as a condition of subdivision approval, in the original purchase price of the remaining parcels within the development *(see,* Tax Law § 1440 [5] [a] [i]).[2]

◼ There is also substantial evidence to support the Tribunal's determination that the counsel fees for which petitioner has become liable in pursuing administrative appeals, and ultimately this proceeding, are not includible in the original purchase price of the land conveyed. Legal fees may be considered part of the purchase price when they are "customary, reasonable and necessary * * * to sell the property" (Tax Law § 1440 [5] [a]). The fees in controversy were generated *long after the sales were consummated;* they were not, in any

_____

2. Respondents do not dispute that the restriction and transfer of the lands at issue constitute "capital improvements" to the subject parcels, and thus that the cost of the lands—as opposed to their market value—may be included pursuant to Tax Law § 1440 (5) (a) (ii).

way, "necessary" to sell the subject parcels. Petitioner also argues that the legal fees were incurred in an attempt to recover some of the cost of the roadbed and green space lands, which were determined to come within the definition of "capital improvements" for the purpose of Tax Law § 1440 (5) (a). It is true that some costs associated with improving the subject property may be included in the purchase price, however, such expenses must be "incurred for the construction" of the improvements *(ibid.);* petitioner's legal fees clearly were not.

■ With respect to the assessment of penalties and interest for failure to pay the tax when due, petitioner urges that its reliance on professional advice constituted reasonable cause for such failure and, therefore, that the penalties should be abated *(see,* Tax Law § 1446 [2] [a]). Again, we find the Tribunal's determination to be substantially grounded in the evidence before it and, thus, neither arbitrary nor capricious. Reliance on legal advice absolves noncompliance with the law only when that advice is reasonable under the circumstances *(cf., e.g., Matter of Felix Indus. v State of N. Y. Tax Appeals Tribunal,* 183 AD2d 203, 207). Petitioner, however, sets forth no basis in law for the advice it allegedly followed. Given that the Tax Department's Publication 588, which was issued in 1983, as well as the revised version issued in 1984 and the final regulation promulgated in 1985 (20 NYCRR 590.43 [g]), all unambiguously outlined its policy with regard to aggregation of sales made pursuant to a subdivision plan, the Tribunal cannot be faulted for concluding that petitioner's reliance on its counsel's advice for failing to follow respondents' clearly articulated policy was unjustifiable under the circumstances, and hence could not constitute reasonable cause.

MIKOLL, J. P., CREW III, MAHONEY and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.