[641 NYS2d 151]

In the Matter of FORTY SECOND STREET COMPANY, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, April 11, 1996

### APPEARANCES OF COUNSEL

*Weisman, Celler, Spett & Modlin,* New York City *(Kenneth A. Hicks* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrew D. Bing* and *Nancy A. Spiegel* of counsel), for respondents.

*Jones, Day, Reavis & Pogue,* New York City *(Dan A. Kusnetz* of counsel), for Real Estate Board of New York, Inc., *amicus curiae.*

### OPINION OF THE COURT

YESAWICH JR., J.

The New York State Urban Development Corporation (hereinafter UDC) condemned petitioner's real property, located in the City of New York. Title passed to UDC on April 18, 1990. Shortly thereafter, petitioner submitted a gains tax transferor questionnaire *(see,* Tax Law § 1447 [1] [b]) to the Division of Taxation of the Department of Taxation and Finance (hereinafter the Division), indicating that no advance payment had been made, and that the amount of the consideration to be paid for the property was yet "to be determined". At that time, petitioner also elected to pay its real property transfer gains tax in installments *(see,* Tax Law § 1442 [c]). Several months later, the Division issued a tentative assessment stating that no tax was then due.

Approximately a year after taking title, UDC made an advance payment offer of $3,500,000. Petitioner accepted the offer, but not as full payment, and filed a supplemental gains tax transferor questionnaire, reporting this compensation and a tax due of $285,471. The Division then issued a tentative assessment and return showing a total amount due of $318,240.82, which included the tax as calculated by petitioner, plus interest accrued thereon from April 18, 1990, the date of the transfer. After paying the tax and interest, UDC remitted the remainder of the advance payment to petitioner. The latter filed for a refund of the interest, which was denied.

Petitioner then sought review by the Division of Tax Appeals, which granted its application (as amended to reflect an

additional interest payment of $7,255.22 that had been assessed on the gain realized from a second payment by UDC), and ordered the Division to refund the amount in question. On exception by the Division, however, respondent Tax Appeals Tribunal reversed that determination, prompting petitioner to commence this CPLR article 78 proceeding in which it seeks annulment of the Tribunal's determination.

It is petitioner's contention that the Tribunal acted irrationally in concluding that the gains tax on the entire transaction was due within 15 days of the transfer (and thus that it was proper to charge interest from that point), when the amount of consideration to be received for the taking had not yet been determined—and, petitioner maintains, was not determinable—at that time. In support of this assertion, petitioner relies upon the "open transaction rule", which declares that no tax may be imposed on income or gain, the receipt of which is contingent on the occurrence of future events, until the sums are actually received (*see, e.g., Burnet v Logan*, 283 US 404). As the Tribunal observed, however, the circumstances triggering application of that rule are not present here, for the amount of consideration to be paid in a condemnation case is not dependent on any event which may occur after the transfer (*see, Matter of Cheltoncort Co. v Tax Appeals Tribunal*, 185 AD2d 49, 53). While the fair market value of the property as of the transfer date—and thus the precise amount to be paid (*see, e.g., Matter of Town of Islip [Mascioli]*, 49 NY2d 354, 360)—may not actually be known by the parties until later, the property's value is immutably fixed on that date; significantly, that value is in no way contingent on indeterminate future events. Accordingly, it is not improper to impose a tax based on that value at the time of the taking.

Nor is it, as petitioner suggests, unfair or unreasonable for the Division to charge interest on the tax due, as it has here, from the date of the transfer. Though not actually in possession of the money to be paid for its property, the taxpayer becomes entitled to it as soon as title is acquired by the condemnor, and, for that reason, receives interest to compensate for any delay in actual payment (*see, Adventurers Whitestone Corp. v City of New York*, 65 NY2d 83, 87, *appeal dismissed* 474 US 935). Inasmuch as the condemnor is legally mandated to afford the taxpayer just compensation, including any gain the taxpayer may realize as a result of the transfer, upon the vesting of title (and, accordingly, must compensate the latter for its use of that money thereafter), it is not ir-

rational or unfair to require payment of the transfer gains tax at that time and to assess interest if it is not paid.*

Petitioner's election to pay the tax in installments does not militate in favor of a different result. Given the plain language of Tax Law § 1446 (3), petitioner's contention that the statute permits interest to be charged only when an installment is not timely paid is unconvincing. It suffices to note that while petitioner's obligation to *pay* the tax may be deferred by its election to pay in installments, that election does not defer the actual accrual of the tax liability and, with it, the obligation to pay interest in the interim.

Petitioner's remaining arguments, and those raised by the *amicus curiae*, have been considered and found unpersuasive.

MIKOLL, J. P., MERCURE, CREW III and WHITE, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The impact on this analysis, if any, of a discrepancy between the interest rate charged by the Division and that paid, pursuant to statute, by UDC—raised for the first time by the Real Estate Board of New York, Inc., as *amicus curiae*—not having been interposed in the administrative proceedings or in the instant petition, is not properly before us *(see, Matter of Mattone v State of N. Y. Dept. of Taxation & Fin.,* 144 AD2d 150, 152).