■ In the Matter of RICHARD BASCIANO, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [652 NYS2d 344] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

Petitioner owned real property located in the Times Square area of Manhattan at 210-212 West 42nd Street. In connection with a redevelopment plan, the New York State Urban Development Corporation (hereinafter UDC) acquired this property by eminent domain by court order dated April 18, 1990. The amount of the condemnation award was not established at this time. On July 29, 1991, UDC made a partial payment to petitioner in the amount of $3,500,000. After receiving this payment, petitioner reported the transfer to the Division of Taxation of the Department of Taxation and Finance (hereinafter the Division) and was advised that, as of September 3, 1991, there was no tax due.

On April 2, 1992, petitioner received an additional payment of $3,600,000 from UDC and filed a supplemental gains tax return reporting gains tax due of $118,096.42. On the same date, UDC issued a check in the amount of $151,520 to cover petitioner's real property transfer gains tax liability. Petitioner, in turn, sought a refund of $33,424.28.

On March 5, 1993, however, the Division issued a notice of determination assessing additional real property transfer gains tax due of $6,805.02, plus interest of $33,762.47, and denying petitioner's claim for a refund. Thereafter, the Division assessed petitioner for additional real property transfer gains tax of $20,750, plus interest, based upon a recomputation of petitioner's original purchase price. Following the parties' stipulation as to the correct original purchase price, petitioner paid an additional real property transfer gains tax of $26,305.02, plus interest from April 17, 1992 to January 27, 1995. Petitioner, however, sought review before the Division of Tax Appeals of that part of the assessment charging him interest from April 18, 1990 through April 17, 1992. Following a hearing before an Administrative Law Judge (hereinafter ALJ),

the ALJ upheld the assessment of interest during this time period. Respondent Tax Appeals Tribunal subsequently affirmed the ALJ's decision. Petitioner, in turn, commenced this CPLR article 78 proceeding challenging the Tribunal's determination.*

The dispute in this case centers upon the Tribunal's assessment of interest upon petitioner's real property transfer gains tax liability from April 18, 1990, the date of the transfer of title, through April 2, 1992, the date petitioner received its second installment payment from UDC and first realized a gain upon the taking of its property. Petitioner argues, *inter alia*, that in a case such as this where the property subject to the real property transfer gains tax is transferred through eminent domain, it is arbitrary and capricious to impose real property transfer gains tax within 15 days of the date of the transfer of title and to assess interest from this date forward, because the amount of the condemnation award and, concomitantly, the amount of the gain, if any, is not always known on this date and the full consideration for the transfer has often not been paid.

Inasmuch as we considered and rejected a similar argument in *Matter of Forty Second St. Co. v Tax Appeals Tribunal* (219 AD2d 98, *lv denied* 88 NY2d 807) and *Matter of E.L.C. Hotel Corp. v Tax Appeals Tribunal* (226 AD2d 852, *lv denied* 88 NY2d 807), we find petitioner's argument unavailing. Those cases involved proceedings brought by property owners whose properties were taken by UDC for the very same purpose as petitioner's. Notwithstanding those petitioners' claims that the assessment of interest was irrational, we upheld the Tribunal's determination. We find no reason to revisit the issue again. We have considered petitioner's remaining contentions, including his constitutional claims, and find them to be without merit.

Crew III, White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Notably, petitioner and UDC finally agreed upon the total amount of the condemnation award and, on January 4, 1996, UDC paid petitioner an additional $2,200,000. Petitioner paid additional real property transfer gains tax in the amount of $199,155.40 with respect to this payment, but was assessed interest of $130,621.03, measured from April 18, 1990. Petitioner has challenged the assessment of interest although it is not part of this proceeding.