■ In the Matter of 93RD STREET ASSOCIATES, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [686 NYS2d 210] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for a refund of real property transfer gains tax paid under Tax Law former article 31-B.

Petitioner, a residential condominium developer, sought a refund of a portion of real property gains taxes paid on the sale of condominiums between 1985 and 1990 pursuant to Tax Law former article 31-B. The claim for refund was based on

---

petitioner's $1.5 million settlement in 1993 of a lawsuit which had been filed by the Board of Managers of the condominium association claiming defects in the building. Petitioner also sought a refund based upon its expenditure of $481,330 in legal fees for defending that lawsuit.

After denial of petitioner's claim by the Department of Taxation and Finance, an Administrative Law Judge (hereinafter the ALJ) ruled that the settlement, although entered into after the units were transferred, merely placed a value on defects which existed as of the date of the transfers and, accordingly, petitioner's claim for a refund based upon a $1.5 million diminution in the sale price of the condominiums should have been granted. The ALJ disallowed petitioner's claim for a refund based upon the legal fees incurred on the ground that these were not costs necessary to effectuate sales of the units and, therefore, were not an allowable selling expense (see, Tax Law former § 1440 [5] [a] [ii]).

On appeal, respondent Tax Appeals Tribunal modified the ALJ's determination by reversing his findings with respect to the settlement funds. The Tribunal sustained that portion of the determination that petitioner's legal fees were not incurred in effecting the sale of the properties and were therefore not deductible in computing the taxable gain. In the instant proceeding before this Court, petitioner claims that the Tribunal's determination is in error principally because the settlement was not a "post closing adjustment" (see, Matter of Cheltoncort Co. v Tax Appeals Tribunal, 185 AD2d 49), but rather a reduction in the sale price attributable to defects which existed at the time of sale.

As previously held by this Court, the amount of the tax to be paid pursuant to Tax Law former article 31-B is determined by the amount of the consideration paid "on the date of the transfer of title" (Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal, 224 AD2d 874, 875, lv denied 88 NY2d 803). We discern no difference between the postclosing settlement in the instant case and the postclosing modification agreement in Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal (supra) which purported to reduce the property's sale price. Indeed, for purposes of calculating the gains tax, "subsequent events, even if they diminish the value of the property [sold] * * * do not affect the gains tax owed" (id., at 875).

We note that petitioner's characterization of the settlement as relating solely to "defects" existing as of the sale dates of the respective condominium units is an overly narrow interpre-

tation of the claims filed by the Board of Managers. The complaint in the lawsuit filed by the Board of Managers included causes of action sounding not only in breach of contract, but also breach of warranty, breach of fiduciary duty (relating to petitioner's role as project sponsor) and fraud. In addition to specifying alleged construction defects requiring future repairs and increased future maintenance expenses, the complaint also accused petitioner of improper conversion of condominium funds in the construction of the project. We view the postclosing settlement of such claims as being precisely the type of "indeterminate future events" which cannot be considered in determining the proper amount of real property transfer tax due on the date of a sale (*Matter of Forty Second St. Co. v Tax Appeals Tribunal*, 219 AD2d 98, 100, *lv denied* 88 NY2d 807). Nor do we find anything irrational with the Tribunal's conclusion that the legal fees incurred in defending the suit did not constitute deductible "selling expenses" as they were incurred after many of the sales had been consummated (*see, Matter of Benacquista, Polsinelli & Serafini Mgt. Corp. v Commissioner of Taxation & Fin. of State of N. Y.*, 191 AD2d 80, 84).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.