◼ In the Matter of Louis Bombart, Petitioner, v Tax Commission of the State of New York, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a tax assessment on gains derived from certain real property transfers under Tax Law article 31-B.

In February 1980, by a single deed from a common grantor, petitioner acquired title to three contiguous parcels of real property in Manhattan. Each parcel was improved with a separate apartment building. To secure payment of the purchase price, petitioner executed three separate mortgages covering their respective parcels. Petitioner used the three buildings for the production of apartment rental income. He conducted all rental operations through one management

company owned by him and his wife, although maintenance, improvements, accounting and other operational activities were carried on separately for each building. On April 8, 1983, less than two weeks after Tax Law article 31-B, taxing gains on certain real property transfers, was signed into law (L 1983, ch 15, § 181, eff Mar. 28, 1983), petitioner simultaneously entered into three contracts of sale with Infinity Corporation, as purchaser, for the three parcels, each for the price of $700,000. The contracts provided that they were freely assignable by the purchaser. In August 1983, Infinity Corporation assigned its purchasing rights under each respective contract to separate corporations and, contemporaneously therewith, separate deeds for the parcels were executed and delivered to the respective assignees.

The principal issue on review is whether petitioner is entitled to the statutory exemption from the real property transfer gains tax as to transfers of property the consideration for which is less than $1,000,000 (Tax Law § 1443 [1]). Respondent determined that the three transactions should be treated as one sale, resulting in a total consideration of $2,100,000, and that, therefore, the exemption did not apply. Petitioner challenges this determination, contending that respondent exceeded its statutory authority to aggregate the consideration for separate transfers of real property (Tax Law § 1440 [7]), and that its findings were unsupported by substantial evidence. We disagree.

There was clearly substantial evidence to support respondent's finding that the sale of the three contiguous parcels to Infinity Corporation was originally intended to be perfected as a single transaction for a single, unapportioned purchase price of $2,100,000, and that the deal was ultimately structured as separate transfers under separate contracts to avoid imposition of the tax under the then recently enacted Tax Law article 31-B. The conversion to separate contracts was accomplished by handwritten modification of the draft of the original contract, which was then photocopied to produce three documents. The purchase prices for the three parcels under the contracts were $700,000 each, although the parcels were valued differently for insurance and local tax assessment purposes. Infinity Corporation and the three corporate assignees shared the same principal office address and the same corporate secretary, who executed each assignment on behalf of both the assignor and the assignee. Respondent's rejection of petitioner's testimony as to any different purpose of the

modification was a credibility question which this court is powerless to disturb.

Based upon the foregoing findings, respondent's aggregation of the purchase prices for the three parcels was entirely proper. First, despite petitioner's contrary argument, the originally contemplated transaction, to sell the three parcels under one contract to a single purchaser for a unitary purchase price, fell well within a reasonable construction of the statute. The parcels were contiguous; they were acquired by a single deed from a common grantor; petitioner operated them through a single management company for the same income-producing purpose, i.e., rental of residential apartment units. The parcels were to be conveyed to one grantee for a single, unapportioned price. Petitioner has not pointed to any provision of Tax Law article 31-B mandating separate treatment of contiguous parcels of developed real property, acquired and sold together, or requiring that the consideration paid for the transfer thereof be apportioned on the basis of the number of parcels transferred. The tax is on "gains derived from the transfer of *real property* within the state" (Tax Law § 1441 [emphasis supplied]), not on transfers of improved, subdivided parcels thereof. "Real property" is defined broadly to include "every estate or right * * * in lands, tenements, or hereditaments, including buildings" (Tax Law § 1440 [6] [emphasis supplied]). Tax Law article 31-B was enacted "as part of a comprehensive package of tax measures designed to provide necessary revenues for the 1983-1984 State budget" *(Trump v Chu,* 65 NY2d 20, 23, *appeal dismissed* 474 US 915). Apportionment of consideration is only expressly required under Tax Law article 31-B when the real property transferred is located partly within and partly without the State (Tax Law § 1440 [6]). The existence of parceled subdivisions of real property only affects the imposition of the tax under the statute in one respect, i.e., it prevents aggregation of the consideration for the transfer thereof in connection with the sale of "parcels improved with residences to transferees for use as their residences" (Tax Law § 1440 [7]).

The expansive definition of *real property,* the legislative purpose of maximizing revenues from the tax and the inclusion of only two narrow exceptions to the broad reach of the statute as to apportionment of consideration or separate treatment of subdivided parcels, all support the conclusion that the originally planned sale to Infinity Corporation under one contract would properly have been deemed a single sale exceeding the $1,000,000 exemption.

Since the sale of the three parcels to Infinity Corporation as structured initially would have been subject to the real estate transfer gains tax on the basis of the entire consideration to be paid therefor, respondent was statutorily authorized to aggregate the separate considerations for the parcels under the three contracts through which they were finally sold. Aggregation is required with respect to "partial * * * transfers * * * pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of this article" (Tax Law § 1440 [7]). Petitioner is incorrect in asserting that here aggregation is based solely on the contiguity of the parcels. As already discussed, respondent made an express finding, supported by substantial evidence, that the parcels were operated for a common purpose and that the reformulation of the transaction into three contracts was aimed at avoiding the $1,000,000 threshold (see also, Tax Law § 1448 [1]). We also note that aggregation here was consistent with administrative rules adopted to implement the statutory provision on aggregation of consideration for partial or successive transfers (see, New York State Department of Taxation and Finance publication 588, Questions and Answers—Gains Tax on Real Property Transfers [1983]; 20 NYCRR 590.42, 590.43).

We similarly reject petitioner's argument that it was a denial of substantive due process to impose the tax on the entire net gain he derived from the sale, rather than solely on the gain represented by the difference between the aggregate sales price and the property's market value when Tax Law article 31-B was enacted. A tax on capital gains income may validly be imposed when realized, even if part of the profit represents the enhanced value of the property before the adoption of the tax (see, MacLaughlin v Alliance Ins. Co., 286 US 244, 250 [Stone, J.]). Also unavailing is petitioner's claim that aggregation here invalidly discriminated against the owners of multiple properties used for the production of rental income. Different tax treatment as between the disposition of contiguous properties owned and used for a common or related purpose by a single individual and the transfer of properties not having those characteristics is easily justified by the legitimate objectives of administrative convenience and prevention of tax avoidance. Therefore, the imposition of a tax on the aggregate consideration petitioner received does not offend equal protection (see, Trump v Chu, 65 NY2d 20, 27-28, supra).

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.