■ In the Matter of THOMAS IVELI et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

On March 30, 1982, petitioners acquired two contiguous parcels of real property in Manhattan from a common grantor via separate deeds for each parcel. The purchase price was $125,000 per parcel, and separate purchase-money mortgages of $100,000 were held by the grantor. Although contiguous, the properties were physically separate and independent and could be freely transferred separately. Both parcels were used for commercial/residential rental purposes. In July 1985, petitioners contracted to sell both parcels to Elyon Holding Corporation (hereinafter Elyon) for a cash option of $1,250,000; $700,000 was apportioned to the first parcel and $550,000

to the second. On September 13, 1985, petitioners transferred title to Elyon's assignee by two separate deeds.

The determinative issue before us is whether petitioners qualify for the statutory exemption from the real property transfer gains tax that extends to property transfers involving consideration of less than $1,000,000 (Tax Law § 1443 [1]). Petitioners paid the resulting gains tax from the sale under protest. Ultimately, respondent Tax Appeals Tribunal determined that both transactions constituted a single sale for gains tax purposes, with a total consideration of $1,250,000 and that the exemption did not apply. Petitioners essentially challenge respondents' authority to aggregate the consideration paid for the two parcels under the described circumstances (see, Tax Law § 1440 [7]).

In our view, respondents' treatment of the transfers as a single sales transaction for more than the $1,000,000 exemption threshold was statutorily authorized and supported by substantial evidence in the record. In *Matter of Bombart v Tax Commn.* (132 AD2d 745) and *Matter of Sanjaylyn Co. v State Tax Commn.* (141 AD2d 916, *appeal dismissed* 72 NY2d 950), this court sustained the aggregation of consideration under circumstances very much akin to the case at hand (see also, *Matter of Mattone v State of New York Dept. of Taxation & Fin.*, 144 AD2d 150, 152). Contrary to petitioners' argument, Tax Law § 1440 (7), which defines a "transfer of real property" for gains tax purposes, is not limited to the sale of single parcels (see, *Matter of Bombart v Tax Commn., supra,* at 747). The first sentence of Tax Law § 1440 (7) broadly provides that a "[t]ransfer of real property" includes "the transfer or *transfers* of any interest in real property" (emphasis supplied). The underscored term clearly indicates that the sale of more than one parcel may be treated as a single transaction. Here, the parcels were contiguous and emanated from a common grantor; the buildings on each parcel were held for investment purposes; Elyon's intent was to purchase both parcels as a package only; and the properties were sold to a single grantee, through a single sales contract, and conveyed on the same date. Given these factors, respondents had ample basis to treat the instant sale as a single gains tax transaction, the consideration for which was properly aggregated under Tax Law § 1440 (7) (see, *Matter of Sanjaylyn Co. v State Tax Commn., supra,* at 917).* Having so held, we need not address petition-

---

* We recognize that the subject closing was held several days prior to September 24, 1985, the effective date of 20 NYCRR 590.42, which regula-

ers' further arguments relating to the aggregation clause set forth in the third sentence of Tax Law § 1440 (7), which pertains to partial or successive transfers.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.

tion provides for aggregation upon the sale of contiguous or adjacent parcels. As noted in *Matter of Sanjaylyn Co. v State Tax Commn.* (141 AD2d 916), this regulation merely codified the Department of Taxation and Finance's policy of considering contiguity as a factor in assessing whether to aggregate consideration received from various sales *(supra,* at 918-919). While respondents directly referred to this regulation in denying petitioners' refund claim, we perceive no impropriety, for the sales were properly treated as a single transaction on the basis of Tax Law § 1440 (7) *(supra,* at 918-919).