■ In the Matter of VON-MAR REALTY COMPANY, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [594 NYS2d 414] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

In this CPLR article 78 proceeding, we are called upon to review a determination by respondent Tax Appeals Tribunal (hereinafter respondent) which held that the consideration

received by petitioner from the contemporaneous sale of two contiguous parcels of improved real property was properly aggregated as a single transfer for real property transfer gains tax purposes (see, Tax Law § 1440 [7]; § 1441; 20 NYCRR 590.42). In our view, respondent's treatment of the transfers as a single sales transaction, thus making petitioner ineligible for the exemption from real property transfer gains tax where consideration paid for the transfer is less than $1,000,000 (Tax Law § 1443 [1]), was statutorily authorized, reasonable, rational and supported by substantial evidence in the record; respondent's determination should therefore be confirmed.

The facts are undisputed. On June 25, 1984, John Marin and Walter Van Rauchhaupt acquired title to two contiguous parcels of real property known as 5 Sydney Court and 7 Sydney Court in the Town of Babylon, Suffolk County. The conveyances were made by two separate deeds from three common grantors. Each parcel was improved with an industrial-type building rented to several tenants, including a business in which Marin and Von Rauchhaupt were principals. In October 1984, Marin and Von Rauchhaupt conveyed title to petitioner, a general partnership in which they were the sole general partners. Then, on September 9, 1988, petitioner concurrently executed two separate but virtually identical contracts to sell the two parcels to L. B. Realty Company. On January 5, 1989, petitioner made the simultaneous conveyances and received $975,000 for 5 Sydney Court and $1,530,-000 for 7 Sydney Court. The Audit Division of the Department of Taxation and Finance determined that for real property transfer gains tax purposes the consideration received should be aggregated, which meant that the proceeds from the sale of 5 Sydney Court were no longer less than $1,000,000 and eligible for exemption from the transfer gains tax (Tax Law § 1443 [1]). A gains tax of $37,082.50 was assessed and paid by petitioner, which then applied for a refund. An Administrative Law Judge (hereinafter ALJ) granted the Division's motion for summary judgment (see, 20 NYCRR 3000.5 [c]), holding that there were no factual issues requiring a hearing. The ALJ upheld the assessment and concluded that notwithstanding petitioner's occupancy of part of 5 Sydney Court for its business, both parcels were held as investment and rental property, clearly a common or related purpose. The ALJ also found that the "look through" principle was inapplicable here.*

---

* The "look through" principle has been enumerated and referred to in

Respondent rejected petitioner's exception and upheld the determination of the ALJ, but on a different basis, i.e., petitioner failed to sustain its burden of showing that the contiguity or adjacency of the parcels was not the sole ground for aggregation of the sales (see, Matter of Sanjaylyn Co. v State Tax Commn., 141 AD2d 916, appeal dismissed 72 NY2d 950). Respondent found that the parcels had been acquired at the same time from common grantors and were transferred at the same time to the same purchaser, and having so concluded held there was no need to apply the "look through" principle to determine questions of beneficial ownership of property. It is respondent's determination denying the exemption that petitioner challenges in this CPLR article 78 proceeding.

Petitioner failed to sustain its burden of proving that contiguity was the sole reason for the determination that aggregation was appropriate (see, Matter of Sanjaylyn Co. v State Tax Commn., supra) and that no common purpose exists (see, 20 NYCRR 590.42). When taken together with the facts that both parcels included industrial buildings, were purchased at the same time from the same grantors and were sold at the same time to one purchaser, the conclusion is inexorable that the determination to aggregate the sales prices should be upheld (see, Matter of Iveli v Tax Appeals Tribunal, 145 AD2d 691, 692, lv denied 73 NY2d 708; Matter of Bombart v Tax Commn., 132 AD2d 745, 747-748). Explicative power is expressly vested in respondent to interpret the statute (see, Matter of Mattone v State of New York Dept. of Taxation & Fin., 144 AD2d 150, 152). Because petitioner has failed to demonstrate entitlement to the exemption of Tax Law § 1443 (see, Matter of Grace v New York State Tax Commn., 37 NY2d 193), the determination which was reasonable should be upheld (see, Matter of Bredero Vast Goed N. V. v Tax Commn., 146 AD2d 155, 159, appeal dismissed 74 NY2d 791).

Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

certain Tax Appeals Tribunal decisions and Division of Taxation Advisory Opinions. Essentially the principle, or doctrine as it has been called, means looking through an entity which owns real property to determine the beneficial owners of the real property, for example where adjacent or contiguous properties are transferred by two or more entities under common ownership. Here, petitioner urged that the "look through" principle would show that one parcel was used for investment/rental income. Thus, petitioner urges, the parcels were not used for a common or related purpose and the proceeds of the sales should not be aggregated for gains tax purposes.