[608 NYS2d 714]

In the Matter of B. V. Brooks et al., Petitioners, v Tax Appeals Tribunal of the State of New York et al., Respondents.

Third Department, March 10, 1994

### APPEARANCES OF COUNSEL

*Howard M. Koff,* Albany, and *Salamon, Gruber, Newman, Blaymore & Rothschild,* Roslyn Heights *(Michael D. Blaymore* of counsel), for petitioner.

*G. Oliver Koppell, Attorney-General,* Albany *(Julie S. Mereson* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance, respondent.

### OPINION OF THE COURT

CREW III, J.

This proceeding involves the transfer of certain residential lots located in the Town of Brookhaven, Suffolk County. Mardex Homes, Ltd. purchased 83 of the 92 lots at issue in 1967, with petitioner B. V. Brooks (hereinafter Brooks) acquiring the remaining nine lots shortly thereafter. In 1971, Mardex and Brooks transferred the lots in question to certain petitioners and other individuals to shield the property from impending zoning law changes. Thereafter, in 1976, Mardex sold 33 of its remaining lots to petitioner Brooks, Torrey & Scott, Inc. (hereinafter BT&S) and sold an additional 13 lots to petitioner Westbrook, Inc. At the time of these sales, Brooks was the sole shareholder in both BT&S and Westbrook. When

Mardex was liquidated in 1981, it sold its remaining lots to Brooks.[1]

On or about November 5, 1986, the entire 92-lot subdivision was contracted to be sold to John Chiarelli and Salvatore Chiarelli. As of that time, 29 of the lots were owned by Brooks individually, with 43 of the remaining lots owned by the petitioner corporations.[2] The contract for sale listed the sellers as, among others, Brooks, Westbrook, BT&S, petitioner Westfair, Inc., petitioner Rainbow Capital, Inc. and Torrey Brooks, and Brooks executed the contract for himself, on behalf of the petitioner corporations as president, and on behalf of Torrey Brooks as attorney-in-fact. The record indicates that a single real estate broker was used for the transaction and that Brooks executed the brokerage agreement on behalf of each of the petitioner corporations. Shortly thereafter, in December 1986, several lots were exchanged between Brooks, BT&S and Westfair, allegedly to achieve favorable tax advantages. In conjunction with these transfers, Brooks submitted transferor and transferee questionnaires to the Department of Taxation and Finance requesting a "Statement of No Tax Due" and averred, in an accompanying affidavit, that the subject transfers were not taxable transfers "in that this [was] a mere change in ownership although the parties in interest [were] the same, namely, sole stockholder of a corporation changing lots with himself individually".

Following the closing on the property Brooks, as the disbursing agent, apportioned the $3 million purchase price among the various transferors. The Department subsequently aggregated the consideration received by the transferors and found that the transfer of the property was for consideration in excess of $1 million and, therefore, was subject to the real property transfer gains tax. Petitioners paid the tax under protest and sought a refund. Ultimately, a hearing was held

---

1. Prior to 1981, Brooks owned 100% of the stock in each of the petitioner corporations. At that time, Brooks transferred 24 shares in BT&S to each of his three children, Torrey, Scott and Wendy, retaining 28 shares. Similarly, Brooks transferred seven shares in petitioner Westfair, Inc. to each of his children, retaining nine shares, and transferred approximately 24% of the shares in Westbrook to each of his children, retaining approximately 27% of the shares. Brooks retained 100% of his interest in petitioner Rainbow Capital, Inc., and it appears that Brooks and his children are the only shareholders in any of the petitioner corporations.

2. As to the balance of the lots, five were owned by Torrey Brooks individually, with the remainder owned by Roy Foulke, Jr., Dartmouth College and Deerfield Academy.

before an Administrative Law Judge (hereinafter ALJ), at the conclusion of which the ALJ sustained the denial of the claims for a refund. Respondent Tax Appeals Tribunal thereafter upheld the ALJ's determination and this CPLR article 78 proceeding by petitioners followed.[3]

Tax Law article 31-B imposes a real property transfer gains tax upon gains derived from the "transfer of real property" within the State for which the consideration is $1 million or more (Tax Law § 1441; *see,* Tax Law § 1443 [1]). "Transfer of real property", in turn, means "the transfer or transfers of any interest in real property by any method" and includes "partial or successive transfers, unless the transferor or transferors furnish a sworn statement that such transfers are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of [article 31-B]" (Tax Law § 1440 [7]). Under this provision, which is commonly referred to as the aggregation clause, the consideration received for any transfers of contiguous or adjacent parcels of property is added together in order to determine if any tax is due, unless the transferor is able to establish that the only correlation between the properties is the contiguity or adjacency itself and that the properties are not being used for a common or related purpose *(see,* 20 NYCRR 590.42). To that end, the Department will look beyond the specific form that a given transaction takes to determine whether a sale consisting of several conveyances is in reality a single gains tax transaction *(see generally, Matter of Von-Mar Realty Co. v Tax Appeals Tribunal,* 191 AD2d 753, *lv denied* 82 NY2d 655; *Matter of Iveli v Tax Appeals Tribunal,* 145 AD2d 691, *lv denied* 73 NY2d 708).

■ Petitioners initially contend that respondents erred in applying the "look through principle" and in concluding that Brooks was the beneficial owner of the transferred lots.[4] We cannot agree. Given Brooks' ownership interest in the lots at issue, the manner in which the property was transferred and the role Brooks assumed with respect to the underlying trans-

---

**3.** Although not entirely clear from the record, it appears that at some point a refund was given to Dartmouth College, Deerfield Academy, Foulke and Torrey Brooks.

**4.** The " 'look through' principle" involves "looking through an entity which owns real property to determine the beneficial owners of the real property" *(Matter of Von-Mar Realty Co. v Tax Appeals Tribunal, supra,* at 754, 755, n).

action, together with Brooks' interest in the various petitioner corporations and the evidence of his subjective intent, respondents' finding in this regard and the determination to aggregate the consideration received and treat this as a single gains tax transaction cannot be said to be erroneous, arbitrary or capricious (see generally, Matter of Grace v New York State Tax Commn., 37 NY2d 193, 195-196).

■ Petitioners next contend that respondents erred in failing to apply 20 NYCRR 590.43 (b) to the transaction at issue. That regulation provides that where several transferors, each owning a separate parcel of land, convey contiguous or adjacent parcels to a single transferee, "[t]he consideration is not aggregated, even if there is a clause in each contract that conditions the sale of each parcel on the ability of the transferee to acquire the other contiguous or adjacent parcels. The consideration paid to each transferor is not aggregated even in the case of one contract between the transferee and the several transferors" (20 NYCRR 590.43 [b]).

Cursory analysis would indicate that the underlying transaction is indeed covered by this regulation. The Tribunal concluded, however, that given the circumstances present here, a literal reading and/or mechanical application of the regulation would lead to a result that simply was not consistent with the over-all statutory scheme. The Tribunal reasoned that the regulation was intended to clarify that aggregation of the consideration received from the sale of contiguous or adjacent lots which, in turn, are owned by "separate and distinct" transferors, is not warranted simply because the lots in question are conveyed to a single transferee. Where, however, "contiguous properties are beneficially owned by the same individual through wholly owned corporations * * * or where one transferor is controlling the acts of another transferor, such transferors are not separate transferors and are not intended to be treated as such by the regulations". In our view, respondents' interpretation and application of the subject regulation is entirely rational and, as such, will not be disturbed (see generally, Matter of Johnson v Joy, 48 NY2d 689, 691; Matter of Dental Socy. v New York State Tax Commn., 148 AD2d 791, 792). Petitioners' remaining arguments have been examined and found to be lacking in merit.

CARDONA, P. J., MIKOLL and WEISS, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.