■ In the Matter of KIM POY LEE et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [610 NYS2d 330] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

Tax Law article 31-B imposes a real property transfer gains tax of 10% upon gains derived from the transfer of real property within this State where the consideration is $1 million or more (Tax Law §§ 1441, 1443 [1]). A transfer of real property includes "partial or successive transfers, unless the transferor or transferors furnish a sworn statement that such transfers are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of this article" (Tax Law § 1440 [7]). Under this aggregation clause, consideration received from transfers of adjacent or contiguous parcels of property can be added together to determine if the transfer is subject to the tax (see, 20 NYCRR 590.42; Matter of Bombart v Tax Commn., 132 AD2d 745).

The transfer that is the subject of this proceeding involved the sale of three adjacent parcels of land and one parcel directly across the road from the other three that were owned by petitioners in various combinations.* The Department of

---

\* Petitioners' ownership interest in the parcels was as follows:

| Parcel 1 | Parcel 2 | Parcel 3 | Parcel 4 |
| --- | --- | --- | --- |
| Eunice Tan | Eunice Tan | Eunice Tan | Eunice Tan |
| Hugh K. Lee | Hugh K. Lee | Hugh K. Lee | Hugh K. Lee |
| Douglas Yuen | Douglas Yuen | Kim P. Lee | Douglas Yuen |
|  | Kim P. Lee |  |  |
|  | Bob Y. Lee |  |  |
|  | Hong Wah Lee |  |  |
|  | David Lee |  |  |

Taxation and Finance determined that the transfer was subject to the gains tax because the aggregate consideration for the parcels that petitioners sold was well over $1 million. Petitioners paid the tax and filed a claim for a refund which was denied. The Administrative Law Judge sustained the denial of the refund, finding that the aggregation was proper because the sale of the four parcels was pursuant to a plan or agreement which would otherwise be subject to the gains tax. Respondent Tax Appeals Tribunal upheld that determination but on different grounds, i.e., that petitioners failed to offer evidence which clearly demonstrated that the aggregation was not proper under these circumstances. This proceeding followed.

The record shows that, prior to the transfers herein, the four parcels were leased by petitioners to Sang Lee Farms which utilized them in a farming operation. On December 26, 1985, four contracts of sale were executed for the sale of the parcels to John Prudenti and Scott Prudenti. The contracts were identical in form and were all signed by petitioner David Lee under a power of attorney from the other petitioners. All four contracts contained cross-default provisions, making a default on one a default on all, plus each contract was contingent upon the purchasers obtaining subdivision approval for the four parcels. In addition, the closings of title were contingent on each other and were to occur simultaneously. Petitioners had the option, under each of the contracts, to take back a purchase money mortgage encumbering all four parcels. The closings of title occurred simultaneously on February 26, 1987 with the attorney for petitioners receiving the proceeds, which he distributed to petitioners based upon their respective interest in the parcels.

When these facts are considered, it is readily apparent that the conveyance of these four parcels resulted in a change in beneficial interest, and thus became a single transfer as defined by the Tax Law. Petitioners have failed to sustain their burden of showing that the only correlation between the parcels was their contiguity or adjacency and that they were not used for a common or related purpose. Accordingly, the Tribunal's determination was reasonable and should be upheld (see, Matter of Brooks v Tax Appeals Tribunal, 196 AD2d 140; Matter of Von-Mar Realty Co. v Tax Appeals Tribunal, 191 AD2d 753, lv denied 82 NY2d 655; Matter of Sanjaylyn Co. v State Tax Commn., 141 AD2d 916, appeal dismissed 72 NY2d 950).

We reject petitioners' argument that this matter is governed by 20 NYCRR 590.43 (b) because we find rational the Tribunal's interpretation that this regulation only applies in situations, unlike here, in which separate, independent transferors, each owning a separate parcel, convey their contiguous or adjacent parcels to one transferee (see, *Matter of Johnson v Joy,* 48 NY2d 689, 691).

We have considered petitioners' other contentions and find them to be without merit.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.