[630 NYS2d 119]

In the Matter of JOSEPH H. MURASKIN et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, July 27, 1995

*Zuckerbrod & Taubenfeld,* Cedarhurst *(Martin Zuckerbrod* of counsel), for petitioners.

*Dennis C. Vacco, Attorney-General,* Albany *(Nancy A. Spiegel* and *Julie S. Mereson* of counsel), for respondents.

**OPINION OF THE COURT**

WHITE, J.

Tax Law article 31-B imposes a real property transfer gains tax of 10% upon gains derived from the transfer of real property within this State where the consideration is $1 million or more (Tax Law § 1441 [1]; § 1443 [1]). The issue here is whether the gain petitioners and their partner (hereinafter collectively referred to as petitioners) derived from the sale of shares of a cooperative corporation allocated to a cooperative apartment is subject to the transfer gains tax. Petitioners contend that it is not because the $562,000 consideration they received is less than the $1 million threshold for the imposition of the tax *(see,* Tax Law § 1443 [1]).

The facts are undisputed. On November 22, 1985, petitioners entered into a contract with Tamby Associates to purchase, for $1,900,000, 10,054 shares of a cooperative corporation allocated to 30 cooperative apartments located in a building at 200 East 36th Street in New York City. To raise capital, petitioners formed Murray Hill 36th Associates (hereinafter Murray Hill), a limited partnership in which they had a cumulative interest of 33%, for the purpose of acquiring the apartments for investment, appreciation and profit. They then, with one exception, assigned their interests in the contract with Tamby Associates to Murray Hill. Excepted from the assignment, apparently to make the limited partnership units more attractive to potential investors, were the 905 shares allocated to Apartment 15G. Following these transac-

tions, the closing took place on April 4, 1986 at which time petitioners acquired the 905 shares allocated to Apartment 15G and Murray Hill acquired the remaining 9,149 shares. In October 1986, Murray Hill sold the shares allocated to Apartment 10G for $125,000 and, on September 28, 1988, petitioners sold the shares allocated to Apartment 15G.

Predicated upon the DTF-701 form petitioners filed for Murray Hill in November 1988 showing the total anticipated selling price of all units to be $2,064,475, the Department of Taxation and Finance issued a statement of proposed audit adjustment followed by notices of determination to petitioners indicating a transfer gains tax due on the sale of Apartment 15G in the amount of $29,958 plus penalty and interest. Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the notices of determination by applying the "look-through" principal to establish that the sale was subject to the transfer gains tax. The affirmance of the ALJ's determination by respondent Tax Appeals Tribunal gave rise to this proceeding.

Petitioners acknowledge our decision in *Matter of Howes v Tax Appeals Tribunal* (159 AD2d 813) wherein we implicitly endorsed the "look through" principle, under which the Tribunal looks through entity ownership of real property to determine the beneficial ownership of the property and then aggregates the consideration the taxpayer received from the transfer of the beneficial interest with the consideration received from the transfer of other interests in the real property to determine the applicability of the transfer gains tax *(see, Matter of Von-Mar Realty Co. v Tax Appeals Tribunal,* 191 AD2d 753, 754-755, n, *lv denied* 82 NY2d 655).[1] Petitioners contend, however, that the "look through" principle was improperly applied since they did not own a controlling interest in Murray Hill.

Petitioners' application of the concept of "controlling interest" to this matter is misplaced since that concept only applies where the taxpayer transfers or acquires an interest in an entity that owns real property *(see,* Tax Law § 1440 [2], [7], [9]; 20 NYCRR 590.45). Here, the transfer did not involve that

---

1. By applying the "look through" principle here, the Tribunal determined that petitioners received $1,284,527 in consideration ($562,000 from the sale of Apartment 15G plus $722,527; the latter figure represents 33% of Murray Hill's anticipated consideration of $2,064,475, along with the $125,000 received for Apartment 10G).

type of situation but, rather, concerned the sale of shares of a cooperative corporation to individual unit purchasers.

The Tax Law recognizes the unique nature of cooperative corporations by providing that partial or successive transfers pursuant to a cooperative plan shall be deemed a single transfer and contemplates treating such transfers in the aggregate (see, Tax Law § 1440 [7] [b] [iii]; § 1442 [b]; 20 NYCRR 590.44). There is nothing in these statutes or regulation supporting petitioners' claim that a taxpayer must have a controlling interest in an entity transferring cooperative shares before his or her beneficial interest in that entity can be aggregated with the taxpayer's other interest in the property. In fact, if petitioners' claim is accepted, a significant loophole in the application of the transfer gains tax would be created since transactions could be structured in two stages to avoid aggregation.[2] Therefore, for these reasons and as we are constrained to defer to the interpretation of a tax statute by the Tribunal to the extent that matters within its expertise are involved, we find its interpretation that the "look through" principle can be applied regardless of the taxpayer's percentage interest held in an entity to be rational and reasonable (see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y., 170 AD2d 842, 844, lv denied 78 NY2d 859).

The ultimate issue is whether the Tribunal's determination has a rational basis. The economic reality underlying this transaction is that it was conceived as a single business enterprise in which petitioners would purchase the subject cooperative corporation's shares for investment, appreciation and profit. The fact that petitioners elected to achieve their objective through two separate entities did not change the economic reality of the enterprise. Therefore, since the sale of the shares allocated to Apartment 15G and the sale by Murray Hill of the remaining shares were part of a single business enterprise and constituted partial or successive transfers pursuant to a cooperative plan, it was appropriate, given petitioners' beneficial interest in Murray Hill, for the Tribunal to apply the "look through" principle.

---

2. For example, if A intended to sell two cooperative apartments to B for $750,000 each, A would transfer one apartment to AB partnership in which he held a 49% interest. AB would then transfer the apartment to B for $750,000 and A would transfer the other apartment to B for $750,000. Under petitioners' interpretation, no transfer gains tax would be due since the consideration would not be aggregated because A did not have a controlling interest in AB partnership.

Accordingly, as we find that the Tribunal's determination has a rational basis and as petitioners failed to demonstrate entitlement to the exemption of Tax Law § 1443 (1), we shall confirm the Tribunal's determination *(see, Matter of Cheltoncort Co. v Tax Appeals Tribunal,* 185 AD2d 49, 52).

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.