■ In the Matter of EDWARD MEIXSELL et al., Petitioners, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [659 NYS2d 325] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law former article 31-B.

In 1961 petitioner Edward Meixsell (hereinafter Meixsell) purchased a parcel of vacant land in the Town of Smithtown,

Suffolk County (hereinafter parcel one). In 1962 Meixsell purchased an adjacent parcel of vacant land (hereinafter parcel two). In 1963 Meixsell organized and incorporated Dentrac Shopping Plaza, Inc. and was its sole shareholder, sole director and president. In 1964 Meixsell transferred parcel one to Dentrac Shopping Plaza and parcel one was subsequently developed into a strip mall.

In 1968 Meixsell organized and incorporated Scott Plaza, Inc., becoming its sole shareholder, sole director and president. In 1970 Meixsell transferred parcel two to Scott Plaza and subsequently parcel two was developed into a strip mall. The two properties were operated by their respective corporations as rentals until 1986 and the corporations were operated by Meixsell.

In late 1986, the corporations were liquidated and the properties were thereby transferred to the corporate shareholder. In advance of the liquidation, Meixsell transferred all his shares in Dentrac Shopping Plaza to his wife, petitioner Jean Meixsell, and consequently parcel one was then titled in her name. On May 12, 1987 petitioners executed contracts for the sale of their respectively titled properties to partnerships ostensibly separate but with a common principal and with second principals of each partnership having a common surname. The deals were closed within a month of each other. Petitioners claimed that the transfers were unrelated and so indicated on the gains tax questionnaires filed with the closings.

An audit by the Division of Taxation within the Department of Taxation and Finance found that the transactions were a single transfer of adjacent properties for purposes of the real property transfer gains tax pursuant to Tax Law former article 31-B (repealed by L 1996, ch 309, § 171). A statement of proposed audit adjustment issued by the Division assessed taxes of $80,000 and $85,000, respectively, plus penalties and interest totaling $238,284.88, and was followed by a notice of determination dated May 26, 1989.

Petitioners filed an administrative appeal and appeared at the hearing by counsel. Relying solely on affidavits with exhibits and the argument of counsel, they offered no personal testimony. The Division of Tax Appeals modified the notice of determination, allowing $83,500 as a basis of the parcels, and otherwise upheld the determination. Respondent Tax Appeals Tribunal denied petitioners' exceptions. Petitioners then commenced this proceeding pursuant to CPLR article 78 to challenge the grouping of the two sales for purposes of the real property transfer gains tax.

Petitioners urge that there was ample evidence to show that the two properties were separate and distinct and were improperly deemed to be one for purposes of a real property transfer gains tax assessment under Tax Law former article 31-B merely because they are husband and wife. The Tribunal's "look through" of the multiple-staged transactions of the adjacent parcels to determine that the transfer should be aggregated as a single real property gains tax transaction (*see*, 20 NYCRR 590.43, 590.44) has a rational basis in the record. Contrary to petitioners' claim, the Tribunal is not required to accept the technical legal nature of each transaction at face value (*see, Matter of Muraskin v Tax Appeals Tribunal*, 213 AD2d 91, 93-94, *lv denied* 87 NY2d 806).

Clearly the properties in question were disposed of pursuant to a common plan (*see, Matter of Cove Hollow Farm v State of N. Y. Tax Commn.*, 146 AD2d 49, 52). The evidence reflects that the two adjoining properties were being used for essentially the same purpose and were controlled solely by Meixsell when, pursuant to a plan of liquidation involving tax and estate purposes as well as "economic and other finance purposes, including limitation of liability purposes and long-term health care planning purposes", the properties were liquidated (*see, Matter of Brooks v Tax Appeals Tribunal*, 196 AD2d 140, 144). The two corporations were dissolved together and thereafter the properties were sold without brokers simultaneously to related entities with similarly worded contracts.

Of import is the fact that petitioners' written submissions furnished to the Administrative Law Judge lacked relevant material information, which was solely in petitioners' knowledge involving the date of the transfer of shares from Meixsell to his wife, the nature of the control and management of the properties through their ultimate sale, the interaction or lack thereof between the adjacent properties, the full details of petitioners' financial plan concerning the properties, the nature of efforts to market and sell the properties, and the details of negotiations. The failure to produce same implies that the information withheld is unfavorable to their claims. Further, petitioners were knowledgeable parties and, like missing witnesses, it may reasonably be inferred that their testimony on such omitted data also would not be favorable to their claims.

Petitioners failed to meet their burden of proof to overcome the tax assessments or of showing that the only correlation between the parcels was their contiguity and that they were not

used for a common purpose (see, *Matter of Kim Poy Lee v Tax Appeals Tribunal*, 202 AD2d 924, 925). The proven facts lead reasonably to the inferences drawn and provide substantial evidence in support of the Tribunal's determination (see, *Matter of Von-Mar Realty Co. v Tax Appeals Tribunal*, 191 AD2d 753, 755, *lv denied* 82 NY2d 655; *see also, Executive Land Corp. v Chu*, 150 AD2d 7, 9, *appeal dismissed* 75 NY2d 946).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.