■ In the Matter of MICHAEL GORDON, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [663 NYS2d 897] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained a real property transfer gains tax assessment imposed under Tax Law former article 31-B.

In 1976, petitioner purchased two adjacent parcels of real property in New York City for $120,000, each improved with a separate apartment building. Although these properties, which are located at 323A and 325 East 89th Street, were originally purchased through petitioner's corporation, they were transferred to him in 1982. Due to numerous problems he encountered with the tenants, petitioner decided to sell 323A East 89th Street (hereinafter property one). Petitioner contacted Mojmir Otypka, the real estate broker who managed the properties, to find a potential buyer. In furtherance thereof, Otypka prepared a setup listing for property one and mailed it to other property owners in the vicinity in January 1988.

Although Bocon Realty Corporation expressed an interest in purchasing property one, negotiations fell apart causing Otypka to send out another mailing in March 1988. In response thereto, brief negotiations with Wilmar Brokerage began. Ultimately, however, property one was sold to Bocon on May 4, 1988 for $590,000. As a result of persistent inquiries by Wilmar, petitioner sold 325 East 89th Street (hereinafter property two) to Wilmar on May 24, 1988 for $610,000.

Tax Law former article 31-B (repealed by L 1996, ch 309, § 171) imposes a real property transfer gains tax of 10% upon gains derived from the "transfer of real property" within the State where the consideration is $1 million or more (Tax Law former § 1441 [1]; § 1443 [1]). A transfer of real property includes "partial or successive transfers, unless the transferor or transferors furnish a sworn statement that such transfers are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of [article 31-B]" (Tax Law former § 1440 [7], as amended by L 1984, ch 900, § 4).* Under this provision, consideration received for any transfers of contiguous or adjacent parcels of real property pursuant to a plan or agreement can be added together to determine if any tax is due (*see*, 20 NYCRR 590.44 [a]). Whether transfers are aggregated "depends on the intent of the transferor at the time of each transfer" (20 NYCRR 590.44 [a]), and the taxpayer bears the burden of demonstrating that no plan or agreement existed at that time (*see*, *Executive Land Corp. v Chu*, 150 AD2d 7, 9, *appeal dismissed* 75 NY2d 946; *Matter of Cove Hollow Farm v State of New York Tax Commn.*, 146 AD2d 49, 53).

In 1991, the Department of Taxation and Finance determined

---

* It is to be noted that subsequent to the transfers herein, this statute was amended and a portion of this quoted language was deleted (*see*, L 1994, ch 170, § 94).

that petitioner's transactions were a single transfer of adjacent properties and, consequently, the consideration received therefor was subject to aggregation pursuant to Tax Law former § 1440 (7). As a result, petitioner was assessed a tax due on his $1,080,000 gain in the amount of $108,000 (*see,* Tax Law former § 1441 [1]; *Matter of Kalikow Yaphank Dev. Corp. v Tax Appeals Tribunal,* 234 AD2d 721), plus interest and penalties. Petitioner's challenge to the imposition of said tax on the ground that the transfers were exempt (*see,* Tax Law former § 1443 [1]) was denied by an Administrative Law Judge after a hearing. This determination was upheld by respondent Tax Appeals Tribunal on administrative appeal, resulting in the commencement of this CPLR article 78 proceeding.

These properties, purchased by petitioner's corporation and later transferred to petitioner through one deed, were acquired for a single purchase price of $120,000. Although they were treated separately, they were managed by the same company for the same income-producing purpose, i.e., rental of residential apartment units. While testimony reveals that petitioner did not initially intend to sell property two, the evidence he offered to establish his reluctance predated the sale of property one by nearly two months. In addition, a May 14, 1991 letter signed by petitioner in response to the assessment indicated that it was his desire to sell the entities separately in order to receive the maximum selling price for each property and to make tax free exchanges. Furthermore, although petitioner contends that no one, including Wilmar, sought to purchase property two until after he signed the contract with Bocon on property one, an April 1988 letter to petitioner from Otypka indicates otherwise.

In these circumstances, and given that this Court is unable to disturb determinations of credibility (*see, Matter of Bombart v Tax Commn.,* 132 AD2d 745, 746-747), we find that petitioner failed to meet his burden of demonstrating that no plan or agreement existed at the time of the transfers. As such, the determination to aggregate the consideration that petitioner received on the sales of these two properties must be upheld (*see, Matter of Meixsell v Commissioner of N. Y. State Dept. of Taxation & Fin.,* 240 AD2d 860; *Matter of Sanjaylyn Co. v State Tax Commn.,* 141 AD2d 916, *appeal dismissed* 72 NY2d 950; *Matter of Bombart v Tax Commn., supra*).

We also reject petitioner's contention that the penalty should be abated or waived in that his failure to pay the assessed tax was due to reasonable cause rather than willful neglect (*see,* Tax Law former § 1446 [2] [a]). His claimed ignorance of the

law and reliance on erroneous professional advice, however, does not constitute reasonable cause to justify abatement of the tax penalty (see, *Matter of Center Moriches Monument Co. v Commissioner of Taxation & Fin.*, 211 AD2d 947, 948).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.