■ In the Matter of HEBARON ENTERPRISES et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [686 NYS2d 178] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer tax assessment imposed under Tax Law former article 31-B.

The underlying facts are not in dispute. Petitioners collectively owned, as tenants in common, 13 contiguous lots in Queens County. Petitioners Hebaron Enterprises, Orrin M.C. Hein and Holly Hein McCutchen were tenants in common as to all 13 lots, while petitioner Melvin Klein was a tenant in common as to 11 of the 13 lots. Each petitioner acquired his, her or its interest in the lots at different times and through different means and, with the exception of Hein and McCutchen, who are siblings, none of petitioners are related to each other.

In June 1992, the New York City School Construction Authority, by its powers of eminent domain, acquired certain parcels of land, including the 13 lots owned by petitioners. The taking was unsolicited and, prior thereto, the 13 lots in question were vacant and unimproved. A compensation settlement was reached in August 1992, with petitioners collectively

receiving $3,974,140 for all 13 lots. In conjunction therewith, petitioners filed transferor questionnaires asserting that the conveyance of each lot was exempt from the imposition of the 10% transfer gains tax set forth in Tax Law former § 1441 because the consideration received by petitioners for each lot was less than $1 million (*see*, Tax Law former § 1443 [1]). The Department of Taxation and Finance (hereinafter the Department) disagreed and, accordingly, issued tentative assessments and returns setting forth the gains tax due from petitioners for each lot. Each petitioner paid, under protest, his, her or its proportionate share of the gains tax due and, thereafter, requested a full refund, plus interest. Petitioners' respective requests for a refund were denied in August 1993.

Ultimately, this matter proceeded to an administrative hearing in June 1995. After reviewing the documentary evidence and the relevant statutes, the Administrative Law Judge upheld the Department's denial of petitioners' refund claims, finding that aggregation of the consideration received by petitioners for all 13 parcels was appropriate under the circumstances. Respondent Tax Appeals Tribunal sustained such determination, albeit on different grounds. This proceeding by petitioners ensued.

Prior to its repeal in 1996 (*see*, L 1996, ch 309, § 171),[1] Tax Law former article 31-B imposed a 10% transfer gains tax upon gains derived from the transfer of real property within the State unless the consideration received for such transfer was less than $1 million (*see*, Tax Law former §§ 1441, 1443 [1]). At the time of the taking of petitioners' property in 1992, Tax Law former § 1440 (7) defined a "transfer of real property", in relevant part, as "the transfer or transfers of any interest in real property by any method, including but not limited to * * * taking by eminent domain". The statute further provided: "Transfer of real property shall also include partial or successive transfers, unless the transferor or transferors furnish a sworn statement that such transfers are not pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of this article, and the transfer of real property by tenants in common, joint tenants or tenants by the entirety" (*id.*). Under this aggregation clause, the consideration received from the transfer of contiguous or adjacent parcels of property

---

1. Tax Law article 31-B was repealed effective July 13, 1996 as to transfers occurring on or after June 15, 1996 but remains in full force and effect with regard to all such taxes incurred prior to the effective date (*see*, L 1996, ch 309, § 171).

is added together in order to determine if any tax is due "unless the transferor is able to establish that the only correlation between the properties is the contiguity or adjacency itself and that the properties are not being used for a common or related purpose" (*Matter of Brooks v Tax Appeals Tribunal,* 196 AD2d 140, 143; *see, Matter of Kim Poy Lee v Tax Appeals Tribunal,* 202 AD2d 924, 925; *see also,* 20 NYCRR former 590.42).[2] In this regard, "the Department will look beyond the specific form that a given transaction takes to determine whether a sale consisting of several conveyances is in reality a single gains tax transaction" (*Matter of Brooks v Tax Appeals Tribunal, supra,* at 143).

Here, the Tribunal found that the simultaneous transfer of all 13 lots by petitioners, as tenants in common, to a single transferee pursuant to a court order constituted a single transfer of petitioners' interest in the parcels and, hence, a single gains tax transaction. Based upon our review of the record as a whole, we cannot say that the Tribunal's finding in this regard is clearly erroneous, arbitrary or capricious (*see, Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.,* 83 NY2d 44, 48-49; *Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195-196). While it is true, as petitioners assert, that the underlying transfer was involuntary and unsolicited, Tax Law former § 1440 (7) plainly provides that a taking by eminent domain constitutes a transfer of real property for purposes of applying the transfer gains tax. Hence, petitioners cannot escape the imposition of the transfer gains tax solely upon the basis that their property was taken by condemnation. Additionally, looking to the substance of the transaction at issue (*see, Matter of Brooks v*

---

**2.** 20 NYCRR former 590.42 provided as follows. "*Question*: Is the consideration received by a transferor for the transfer of contiguous or adjacent parcels of property to one transferee added together for purposes of applying the $1 million exemption? *Answer*: Generally, yes. A *transfer of real property* is defined in [Tax Law former § 1440 (7)] to mean 'the transfer or transfers of any interest in real property.' Thus, the separate deed transfers of contiguous or adjacent properties to one transferee are, for purposes of the gains tax, a single transfer of real property. It is the consideration for the interests in a single transfer, regardless of the number of transactions used to transfer the property, that is used to determine the application of the $1 million exemption. However, if the transferor establishes that the only correlation between the properties is the contiguity or adjacency itself, and that the properties were not used for a common or related purpose, the consideration will not be aggregated" (emphasis in original). Effective November 9, 1994, 20 NYCRR former 590.42 was amended to omit the word "deed" and was renumbered as 20 NYCRR 590.43. For purposes of this decision, all references and citations will be to the former version of the regulation.

*Tax Appeals Tribunal, supra*, at 143), it is apparent that the Tribunal correctly concluded that this matter does not involve a series of partial or successive transfers and, hence, the absence of a plan or agreement to circumvent the application of Tax Law former article 31-B (*see*, Tax Law former § 1440 [7]) is not determinative.

Having concluded that the subject transfers constituted a single gains tax transaction, the Tribunal, relying upon this Court's prior decision in *Matter of Kim Poy Lee v Tax Appeals Tribunal* (202 AD2d 924, *supra*), reasoned that its inquiry was at an end and upheld the denial of petitioners' request for a refund. A review of our decision in *Lee* and other similar cases (*see, e.g., Matter of Meixsell v Commissioner of N. Y. State Dept. of Taxation & Fin.*, 240 AD2d 860, 862-863, *lv denied* 91 NY2d 811; *Matter of Von-Mar Realty Co. v Tax Appeals Tribunal*, 191 AD2d 753, 755, *lv denied* 82 NY2d 655), as well as the text of 20 NYCRR former 590.42 (*see*, n 2, *supra*), makes clear, however, that the Tribunal needed to go one step farther. Specifically, the Tribunal was required to consider whether the only correlation between the 13 parcels was their contiguity or adjacency and whether such parcels were used for a common or related purpose. Having failed to address this issue, we are unable to determine whether the Tribunal's ultimate decision to uphold the denial of petitioners' refund claims was rational. Accordingly, we must withhold decision and remit this matter in order to permit the Tribunal to determine, upon the existing record, whether the affidavits submitted by petitioners were sufficient to establish that the only correlation between the properties was the contiguity or adjacency itself and that the properties were not being used for a common or related purpose.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the decision is withheld, and matter remitted to respondent Tax Appeals Tribunal of the State of New York for further proceedings not inconsistent with this Court's decision.