■ In the Matter of HEBARON ENTERPRISES et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [700 NYS2d 268] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer tax assessment imposed under Tax Law former article 31-B.

At issue in this proceeding is whether the consideration received by petitioners for the transfer of 13 contiguous lots in Queens County was appropriately aggregated for purposes of imposing a transfer gains tax pursuant to Tax Law former article 31-B. When this matter was last before us (259 AD2d 790), we sustained respondent Tax Appeals Tribunal's finding that the simultaneous transfer of the 13 lots owned by petitioners, as tenants in common, to a single transferee pursuant to a court order constituted a single transfer of petitioners' interest in the parcels and, hence, a single gains tax transaction within the meaning of Tax Law former article 31-B. As to the aggregation issue, we noted that the regulations in effect at the time of the subject transfer provided, in relevant part, as follows: "if the transferor establishes that the only correlation between the properties is the contiguity or adjacency itself, *and* that the properties were not used for a common or related purpose, the consideration will not be aggregated" (20 NYCRR former 590.42 [emphasis supplied]). Finding that the Tribunal failed to consider whether the only correlation between the 13 parcels at issue was their contiguity or adjacency and, further, whether such parcels were used for a common or related purpose, we withheld decision and remitted this matter to the Tribunal for further consideration. The Tribunal thereafter determined, upon the existing record, that petitioners had

failed to meet their burden under 20 NYCRR former 590.42, and this matter is now before us for review of the Tribunal's determination.

Based upon our review of the scant and substantially similar affidavits submitted by petitioners, we cannot say that the Tribunal's determination in this matter was irrational. Although each petitioner indeed acquired his, her or its interest in the subject lots at different times and through different means, each petitioner also averred that such parcels, which were vacant and unimproved during the period of ownership, were held as long-term investments. In short, aside from highlighting the differences in the manner in and time during which the parcels were acquired, petitioners made no real attempt to show that the only correlation between the lots in question was contiguity.

We reach a similar conclusion as to the issue of whether the properties were used for a common or related purpose. Although petitioners each averred that they made no use of the properties during the relevant time period and had no plan to sell the subject parcels, each again conceded that the properties were being held for long-term investment purposes, with petitioner Hebaron Enterprises averring that "[t]he properties were held with the hope that, if gambling were legalized in New York, the properties would be a suitable site for a casino". Under such circumstances, we cannot say that petitioners met their burden of establishing that the properties were not used for a common or related purpose. Accordingly, the Tribunal's determination in this matter is confirmed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.