■ In the Matter of CLAUDE R. McGAUGHEY, III, et al., Petitioners, v MICHAEL H. URBACH, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents. [702 NYS2d 415] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' application for a refund of penalties imposed upon the late filing of returns and late payment of personal income taxes for the years 1986 through 1990.

Prior to October 1985, petitioner Claude R. McGaughey, III (hereinafter petitioner), a horse trainer, resided in Kentucky and trained horses there. He retained a Kentucky accounting firm and paid Kentucky personal income taxes. In October 1985, petitioner began working as a private trainer for the Phipps family in New York and Florida. He thereafter lived in New York for approximately six months each year and derived substantial income from training and racing horses in New York. Petitioner had a number of employees and hired a New York bookkeeper to manage his financial records, including payroll, withholdings and the maintenance of records necessary for the preparation of tax returns. Until 1989, petitioner maintained his Kentucky residence, where his family lived, and continued to use the Kentucky accounting firm to prepare his tax returns. From 1986 until 1989, when he relocated his residence to Florida, he paid Kentucky income taxes. From 1986 through 1990, petitioner paid no New York income taxes.

After the Department of Taxation and Finance contacted petitioner in 1991 about his New York income tax liability, the Kentucky accounting firm prepared nonresident income tax returns for him for the years 1986 through 1990. Petitioner paid the taxes due, which are not in dispute. The Department assessed late filing and late payment penalties totaling $44,697.56, plus interest, which petitioner protested. He ultimately paid the amount due and filed refund claims which

the Department disallowed. After a hearing, respondent Tax Appeals Tribunal sustained the disallowance and petitioners commenced this proceeding to review the Tribunal's determination.

Tax Law § 685 requires the imposition of penalties unless petitioner can demonstrate that the late filing and late payment were due to reasonable cause and not willful neglect. Petitioner's lack of awareness of his New York income tax liability and reliance on the Kentucky accounting firm to manage his tax affairs do not constitute reasonable cause to justify abatement of the tax penalty (see, Matter of Gordon v Tax Appeals Tribunal, 243 AD2d 828, 830-831). Despite the fact that petitioner resided in New York for approximately six months each year and derived substantial income in New York, he made no inquiry to determine whether he had any liability for New York taxes. There is, therefore, a rational basis for the Tribunal's conclusion that petitioner failed to demonstrate that he acted with ordinary business care and prudence with regard to his New York taxes.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.