■ In the Matter of TOTAL COVERAGE AGENCY, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [815 NYS2d 341]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 14, 2004, which assessed penalties against Total Coverage Agency, Inc. pursuant to Tax Law § 685 (v) (1).

Total Coverage Agency, Inc. (hereinafter TCA) failed to file quarterly combined withholding, wage reporting and unemployment insurance returns (NYS-45 forms) for eight quarters in 2001, 2002 and 2003. Finding that there was not reasonable cause for the failure to file the NYS-45 forms, the Unemployment Insurance Appeal Board sustained an assessment of penal-

ties pursuant to Tax Law § 685 (v) (1) in the amount of $8,000. TCA appeals, contending that there was reasonable cause for its failure to timely file the NYS-45 forms and, thus, the penalties should not have been imposed.

Tax Law § 685 (v) (1) imposes a minimum penalty of $1,000 per failure to file a NYS-45 form, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect" (Tax Law § 685 [v] [1] [A] [i]; *see Matter of McGaughey v Urbach*, 268 AD2d 802, 803 [2000]). Here, TCA's president and sole employee testified that he relied completely upon TCA's accountant to complete and file the NYS-45 forms. The accountant, although aware of the filing requirements, neglected to file the forms because he was preoccupied by stressful events in his personal life. Reliance upon erroneous professional advice, however, does not constitute reasonable cause to justify abatement of the tax penalties (*see Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d 718, 721 [2001], *lv dismissed* 98 NY2d 720 [2002] [applying the same statute]; *Matter of Gordon v Tax Appeals Trib.*, 243 AD2d 828, 830-831 [1997] [same]).

Mercure, J.P., Crew III, Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.