In the Matter of MICHAEL SACKS et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [952 NYS2d 793]—

Kavanagh, J.

In November 2004, petitioner Michael Sacks entered into a contract of sale to purchase Unit 34B in a building located in New York City for $900,000. At the same time, his wife, petitioner Frances Sacks, entered into a contract to purchase the adjacent unit, Unit 34C, for $625,000. Prior to the units being conveyed, they had been joined by a passageway and listed for sale as a single apartment with three bedrooms and 2½ baths at an original listing price of $1,575,000. After an audit of these transactions was performed by the Department of Taxa-

tion and Finance, it was determined that the transfers were subject to the "Mansion Tax," which imposes a 1% tax surcharge on the sale of any residential real property in which the purchase price exceeds $1 million (*see* Tax Law § 1402-a). As a result, petitioners were assessed an additional $15,250 in taxes, plus $7,121.25 in interest and penalty. After a conciliation conference, the referee cancelled the penalty, but sustained the additional tax and interest. Petitioners challenged this determination with the Division of Tax Appeals and, after a hearing, an Administrative Law Judge sustained the decision that the Mansion Tax applied to this transaction. Petitioners appealed this determination to respondent Tax Appeals Tribunal, which affirmed it, and this CPLR article 78 proceeding ensued.

It is well settled that this Court is "constrained to defer to the interpretation of a tax statute by [the Tribunal] to the extent that matters within its expertise are involved and that the ultimate issue is whether [the Tribunal's] determination has a rational basis rather then whether petitioner[s have] advanced a compelling alternative interpretation" (*Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y.*, 56 AD3d 908, 909 [2008], *lv denied* 12 NY3d 703 [2009] [internal quotation marks and citations omitted]; *see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib.*, 85 AD3d 1341, 1342 [2011], *affd* — NY3d —, 2012 NY Slip Op 07046 [2012]). As relevant here, the Mansion Tax provides that "[i]n addition to the tax imposed by [Tax Law § 1402] of this article, a tax is hereby imposed on each conveyance of residential real property or interest therein when the consideration for the entire conveyance is [$1 million] or more. For purposes of this section, residential real property shall include any premises that is or may be used in whole or in part as a personal residence, and shall include a one, two, or three-family house, an individual condominium unit, or a cooperative apartment unit" (Tax Law § 1402-a [a]).

Petitioners argue that the two units were purchased separately pursuant to individual contracts of sale involving two different buyers and, as such, neither transaction qualified for imposition of the Mansion Tax. While the units were purchased pursuant to separate contracts of sale, the determination as to the application of the Mansion Tax is not dependent upon the form of the underlying transactions, but on the economic reality that characterizes the entire conveyance (*see Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 623 [1980]; *Matter of Muraskin v Tax Appeals Trib.*, 213 AD2d 91, 94 [1995], *lv denied* 87 NY2d 806 [1996]). Here, at the time of the sale, the two units had already been consolidated by the previous owner pur-

suant to an approval given by the New York City Department of Buildings allowing the units to be combined into a single apartment (apartment 34B-C). As reconfigured, the units are fully accessible to each other, have a single kitchen and function as a single-family residence. Moreover, while each petitioner purchased an individual unit, the two transactions occurred simultaneously, and payment for both units was made from funds drawn on petitioners' joint bank account. Viewing these transactions as an integrated whole, we find that a rational basis exists for the Tribunal's determination that the entire conveyance was properly subject to the imposition of the Mansion Tax.

Finally, contrary to petitioners' assertions, this tax was not imposed because they were married or due to Frances Sacks' gender but, instead, because petitioners had purchased this residential property as a single-family residence for in excess of $1 million. Moreover, the imposition of this tax did not affect Frances Sacks' "acquisition, use, enjoyment and[/or] disposition" of property in violation of General Obligations Law § 3-301 (1) or adversely affect her ability to enter into a contract (see General Obligations Law § 3-305).

Rose, J.P., Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.